**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Whitworth Tool Holdings LLC, et al.,** | **Case No. 1:26cv00686** |
| **Plaintiffs,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Little Mountain Precision, LLC, et al.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendants.** | |

Currently pending are Plaintiffs Whitworth Tool Holdings, LLC and WT Special Holdings, LLC's (referred to collectively as "Plaintiffs") (1) Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. No. 2); and (2) Emergency Motion to Set a Hearing on Plaintiffs' Motion for TRO (Doc. No. 5.)  For the following reasons, Plaintiffs' Motion requesting a TRO (Doc. No. 2) and Emergency Motion to Set a Hearing (Doc. No. 5) are denied without prejudice.

**I.      Relevant Background**

This case involves a dispute regarding the terms of an Asset Purchase Agreement ("APA") that was executed between Plaintiffs and Defendants Little Mountain Precision, LLC; Maple Leasing, LLC; 3rd Precision, LLC; John Habe IV; and Doug Habe (referred to collectively as "Defendants").

In their Verified Complaint, Plaintiffs allege that they are engaged in the business of manufacturing and providing products and services to companies in the firearms manufacturing and distribution industry.  (Doc. No. 1 at ¶ 1, 2.)  Plaintiffs allege that they negotiated with Defendants to purchase certain assets, including: (1) "machinery, equipment, furniture, and other fixed assets listed on Exhibit 'B' to the APA along with all related tools, tooling, equipment fixtures, jigs, CNC

programs, testing gauges, testing tools, and testing/quality/inspection programs, manuals, all warranties and service agreements on the foregoing machinery, equipment and tooling, and all software and CNC programs to operate the machinery and equipment;" (2) "inventory, including certain raw materials, customer supplied castings and inventory, work-in-process, finished goods, and purchased parts;" and (3) "the customers and any contracts, agreements and orders related thereto on Exhibit A of the APA which included long-term contracts (as amended and continued), purchase orders, backlog of work/jobs, other customer contracts and agreements, if assignable, RFQs, customer files, customer FFL and other approvals and certifications, drawings, specifications, computer programs, bills of material and builds of materials, and related intangibles." (*Id*. at ¶¶ 22, 23.)

Plaintiffs allege that the APA "was executed and was effective as of January 15, 2026" but that "the sale of the Assets pursuant to the APA to [Plaintiffs] closed on February 27, 2026." (*Id*. at ¶¶ 11, 15.)  Plaintiffs argue that "[s]ince closing, Defendants have falsely claimed [that] certain purchased Assets are not part of the sale pursuant to the APA and Bills of Sale, breached their duty of cooperation, and have interfered with Plaintiffs' ability to take possession of the Assets and take over the customer relationships as called for in the APA and Bills of Sale." (Doc. No. 2 at PageID# 126.)

On March 23, 2026, Plaintiffs filed their Verified Complaint in this Court against Defendants, asserting the following state law claims:  (1) breach of contract; (2) replevin; (3) tortious interference with business and contractual relations; (4) conversion; (5) civil conspiracy; and (6) declaratory judgment.  (Doc. No. 1.)  On the same date, Plaintiffs also filed the instant Motion for TRO and Preliminary Injunction regarding their claims for breach of contract, replevin, and conversion.  (Doc. No. 2.)  Therein, Plaintiffs request the following injunctive relief:

2

(a)     That the Court issue a Temporary, Preliminary, and Permanent Injunction ordering Defendants to immediately turn over the Assets and refrain from interfering with Plaintiffs taking possession of the Assets;

(b)     That the Court issue a Temporary, Preliminary, and Permanent Injunction restraining and enjoining [Defendants] John Habe IV and Doug Habe (the "Habes") and all persons or entities in active concert or participation with them, from interfering with Plaintiffs' transferring the Transferred Customers.

(c)     That Defendants be ordered to immediately provide to Plaintiffs and that Plaintiffs be given immediate onsite access to all of the ancillary materials subject to the Bills of Sale, including all the materials listed in Exhibits 2 and 3 hereto, and all builds of materials and plans necessary for identifying tooling, jigs, CNC programs, testing gauges, testing tools, and testing/quality/inspection programs, manuals, all warranties and service agreements on the foregoing machinery, equipment and tooling, and all software and CNC programs to operate the machinery and equipment;

This shall include having employees familiar with the transferred customers and the machines acquired by Plaintiffs without any interference from the Habes providing full access to the builds of materials and plans and then working directly with Plaintiffs' representatives to identify the location of and load onto Plaintiffs' trucks for immediate removal: machinery, equipment, furniture and other fixed assets listed on Exhibit B to the Bill of Sale for Fixed Assets (See Exhibit 2 to the Complaint), along with all related tools, tooling, equipment fixtures, jigs, CNC programs, testing gauges, testing tools, and testing/quality/inspection programs, manuals, all warranties and service agreements on the foregoing machinery, equipment and tooling, and all software and CNC programs to operate the machinery and equipment.  Such employees will also help identify any missing Purchased Assets and how and when they were removed from the premises and by whom. Such employees shall be made available on _____ and no advanced notice or clearance shall be required for Plaintiffs to have full access to the premises;

(d)     That the Court issue a Temporary, Preliminary and Permanent Injunction against the Defendants and all persons or entities in active concert or participation with them from removing or selling to anyone any item which Plaintiffs have asserted are withheld Purchase Assets from the Sellers' premises or damaging those items pending this Court's decision as to such items and the Plaintiffs' removal of such items; ***

(Doc. No. 2 at PageID#s 123-124.)  *See also* Doc. No. 1 at PageID#s 13-14.

3

Lastly, and also on March 23, 2026, Plaintiffs filed an "Emergency Motion to Set a Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction."  (Doc. No. 5.)

## II.     Analysis

### A.     Subject Matter Jurisdiction

Plaintiffs allege that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because this action is between citizens of different states and the amount in controversy exceeds $75,000.00.  (Doc. No. 1 at ¶ 8.)  Specifically, Plaintiffs allege that they are "Kentucky limited liability compan[ies] whose principal place[s] of business [are] in Hardinsburg, Kentucky." (*Id*. at ¶¶ 1, 2.)  Plaintiffs further allege that Defendants Little Mountain Precision, LLC ("LMP"), Maple Leasing, LLC ("Maple Leasing") and 3rd Precision, LLC ("3rd Precision") are "Ohio limited liability compan[ies] whose principal place[s] of business [are] at 8677 Tyler Blvd., Mentor, Ohio 44060 in Lake County, Ohio."  (*Id*. at ¶¶ 3, 4, 5.)  Lastly, Plaintiffs allege that

> 6.     Defendant, John Habe IV, is a resident of the State of Ohio, is an owner of 3rd Precision and a personal guarantor on the debt of the Sellers to Erie Bank as the existing secured lender to Sellers ("ErieBank").

> 7.     Defendant, Doug Habe, is a resident of the State of Ohio, is an owner and operator of LMP and Maple, as well as a personal guarantor on the debt of the Sellers to ErieBank.

(*Id*. at ¶¶ 6, 7.)

For the following reasons, the Court finds that Plaintiffs have failed to plead sufficient information from which this Court can determine whether it has subject matter jurisdiction over the instant action.  The diversity statute states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The citizenship of a limited liability

company, however, is not determined by its states of organization and principal place of business. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Instead, a limited liability company has the citizenship of each of its members. *Id.* Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs know the citizenship of each 'sub-member' as well." *Id.*

Here, Plaintiffs have failed to identify the citizenship of all the members (and sub-members, if any) of any of the LLC parties in this case. Specifically, Plaintiffs have failed to identify the citizenship of all the members (and sub-members, if any) of (1) Plaintiff Whitworth Tool Holdings, LLC; (2) Plaintiff WT Special Holdings, LLC; (3) Defendant LMP; (4) Defendant Maple Leasing; and (5) Defendant 3rd Precision. In addition, Plaintiffs have failed to identify the citizenship of either Defendant John Habe IV or Defendant Doug Habe. Regarding the citizenship of individuals for purposes of diversity jurisdiction, the Sixth Circuit has explained:

> "[I]t has long been settled that residence and citizenship [are] wholly different things." *Steigleder v. McQuesten*, 198 U.S. 141, 143, 25 S.Ct. 616, 49 L.Ed. 986 (1905). "[A] mere averment of residence" does not aver citizenship, id., so "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit," *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). Citizenship instead turns on "domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "Domicile," a legal term of art, requires that a person both be present in a state and have "the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

*Prime Rate Premium Finance Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). As set forth above, Plaintiffs herein only allege the residencies of Defendants John Have IV and Doug Habe – not their citizenship.

5

Based on the above, the Court cannot determine, at this time, whether diversity jurisdiction exists in this matter.  **By no later than fourteen (14) days from the date of this Order (i.e., by April 7, 2026)**, **Plaintiffs shall identify the citizenship of all of the members (and sub-members, if any) of Plaintiffs Whitworth Tool Holdings, LLC and WT Special Holdings, LLC, and Defendants LMP, Maple Leasing, and 3rd Precision, at the time the Complaint was filed.  Lastly, Plaintiff shall identify the states of citizenship (as opposed or residency) of Defendants John Habe IV and Doug Habe.**

Until such time as Plaintiffs have demonstrated that diversity jurisdiction exists in this matter, the Court cannot (and will not) consider the substantive arguments raised in Plaintiffs' Motion for a TRO (or conduct an "emergency hearing" regarding the same).  Plaintiffs' Motions for TRO (Doc. No. 2) and for an Emergency Hearing (Doc. No. 5) are, therefore, denied without prejudice at this time.

**B.      Request for TRO**

Plaintiffs' requests for a TRO and an Emergency Hearing are denied without prejudice for the additional reason that Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 65(b)(1)(B).  Federal Rule of Civil Procedure 65 addresses injunctions and temporary restraining orders and "provides the procedure that the district court must follow when granting injunctive relief." *First Tech. Safety Sys. Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).  Rule 65(b)(1) provides, in relevant part, as follows:

**(b) Temporary Restraining Order**.

**(1) Issuing Without Notice**. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

6

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and**

**(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.**

Fed. R. Civ. P. 65(b)(1) (emphasis added).  The Advisory Committee Notes to Rule 65 further explain that "[i]n view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted."  Fed. R. Civ. P. 65, Advisory Committee's note (1966 Amendment).  As the Sixth Circuit has explained, "[t]he Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys.*, 11 F.3d at 650 (internal quotation marks omitted).

For this reason, district courts in this Circuit have found that the requirements set forth in Rule 65(b)(1) must be "scrupulously honored." *Alahverdian v. Nemelka*, 2015 WL 1276453 at * 2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952); *see also Clinton Solart LLC v. Stoll*, 2023 WL 3024357 at * 1 (S.D. Ohio April 20, 2023).  This is because "[t]he requirements of Rule 65(b)(1) are not merely technical niceties that courts may easily disregard, but rather crucial safeguards of due process." *Harris v. Plank*, 2025 WL 1688116 at * 2 (N.D. Ohio June 17, 2025) (quoting *Nana Tchienkou v. Net Trust Mortg.*, 2010 WL 2375882 at * 1 (W.D. Va. June 9, 2010)). Accordingly, requests for temporary restraining orders are routinely denied without prejudice for failure to comply with the certification requirement in Rule 65(b)(1).  *See, e.g., Centa v. Portage Cnty.*, 2025 WL 2687537 at * 1 (N.D. Ohio Sept 17, 2025) ("Nowhere does Centa's counsel certify 'the reasons why [notice] should not be required' . . . [t]his is fatal to the motion"); *Sophia Parker*

*Studios, Inc. v. Temperley*, 2024 WL 4956689 at * 9-10 (N.D. Ohio Dec. 3, 2024) (denying request for a temporary restraining order when the plaintiff failed to comply with Rule 65(b)(1)) (Barker, J.); *accord Davis v. Colerain Twp.*, 2024 WL 488211 at * 1-2 (S.D. Ohio Feb. 8, 2024); *Slave Legacy, LLC v. Son of Slave*, 2023 WL 3919317 at * 5 (S.D. Ohio June 9, 2023); *Clinton Solart LLC*, 2023 WL 3024357 at * 1; *Moore v. U.S. Center for SafeSport*, 685 F.Supp.3d 490, 495 (E.D. Mich. 2023).

Here, Plaintiffs' Motion does not contain a certification from Plaintiffs' attorney regarding "any efforts made to give notice and the reasons why it should not be required."[1] As the Sixth Circuit has explained, "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found[,] ... [or] where notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. *See also Davis*, 2024 WL 488211 at * 2. In the instant case, Plaintiffs' counsel failed to certify how this case would fall into either of these circumstances. Moreover, Plaintiffs and their counsel are clearly aware of the identities and addresses of each of the Defendants, as the Exhibits to the Verified Complaint demonstrate that they have previously (and recently) communicated with Defendants via email. *See, e.g.,* Doc. Nos. 1-7, 1-8, 1-9 and 1-12. Plaintiff has also failed to certify that notice to Defendants would render fruitless further prosecution of the action.

---

[1] The Court notes that there is no Certificate of Service attached to either the Verified Complaint or the Motion for TRO and Preliminary Injunction. (Doc. Nos. 1, 2.) While there is a Certificate of Service attached to Plaintiffs' Emergency Motion for a Hearing, that Certificate states only that "a copy of the foregoing was filed electronically" and that "[n]otice of this filing will be sent to all parties by operation of the Court's electronic filing system." (Doc. No. 5 at PageID# 177.) As Defendants have not been served (and counsel has not appeared for Defendants), however, Defendants will not receive notice of any of Plaintiffs' filings in this action "by operation of the Court's electronic filing system."

Thus, the Court concludes that Plaintiff has failed to satisfy the requirements of Rule 65(b)(1)(B) and *ex parte* relief is therefore inappropriate. *See, e.g., Clinton Solart LLC*, 2023 WL 3024357 at *2 (denying temporary restraining order in light of failure to comply with Rule 65(b)(1)(B)); *Slave Legacy, LLC*, 2023 WL 3919317 at *5 (holding that courts may not issue temporary restraining orders if Rule 65(b)(1)(B) has not been satisfied) (collecting cases).

## III. Conclusion

For the reasons set forth above, that portion of Plaintiffs' Motion requesting a TRO is denied without prejudice. (Doc. No. 2.) Plaintiffs' Emergency Motion for a Hearing is likewise denied without prejudice. (Doc. No. 5.)

As set forth above, by no later than fourteen (14) days from the date of this Order (i.e., by April 7, 2026), Plaintiffs shall identify the citizenship of all of the members (and sub-members, if any) of Plaintiffs Whitworth Tool Holdings, LLC and WT Special Holdings, LLC, and Defendants LMP, Maple Leasing, and 3rd Precision, at the time the Complaint was filed. Lastly, Plaintiff shall identify the states of citizenship (as opposed or residency) of Defendants John Habe IV and Doug Habe.

In addition, Plaintiffs are hereby ORDERED to serve, pursuant to Rule 4, copies of the Verified Complaint, the Motions (as well as all Exhibits thereto), and a copy of this Order on the Defendants, and to promptly file proof of service on these Defendants once service has been perfected. Once Defendants have been served and appear in this action, the Court will set a status conference to discuss a briefing schedule and hearing date relating to that portion of Plaintiffs' Motion (Doc. No. 2) requesting a preliminary injunction.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
    PAMELA A. BARKER

Date:  March 24, 2026               U. S. DISTRICT JUDGE